**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW STOCKOV, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　Defendant. | Case No.: 1:26-cv-02734<br><br>Hon. Steven C. Seeger |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S**
<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

Christopher B. Wilson
Spencer Gottlieb
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Tel:　　(312) 324-8400
Fax:　　(312) 324-9400
cwilson@perkinscoie.com
sgottlieb@perkinscoie.com

Brad D. Brian (*pro hac vice*)
Jennifer L. Bryant (*pro hac vice* )
Carl Jiang
Joseph Mantegani (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Tel:　　(213) 683-9100
Fax:　　(213) 687-3702
Brad.Brian@mto.com
Jennifer.Bryant@mto.com
Carl.Jiang@mto.com
Joseph.Mantegani@mto.com

Elaine J. Goldenberg, P.C. (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, Suite 500E
Washington, D.C. 20001
Tel:　　(202) 220-1100
Fax:　　(202) 220-2300
Elaine.Goldenberg@mto.com

*Attorneys for Defendant Costco Wholesale Corporation*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................4

I. Plaintiff's Claims Are Not Ripe, And He Lacks Standing To Bring Them ........................5

II. Plaintiff Fails To State A Claim........................................................................................8

    A. Plaintiff's Consumer-Fraud Claims Fail...................................................................8

    B. Plaintiff's Equitable Claims Fail...........................................................................13

CONCLUSION...............................................................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Amin Ijbara Equity v. Oak Lawn*,
860 F.3d 489 (7th Cir. 2017) ...................................................................................2, 3

*Amling v. Harrow*,
943 F.3d 373 (7th Cir. 2019) .......................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................................4

*Atmus Filtration v. United States*,
No. 26-01259 (CIT 2026) ............................................................................................3

*Barrientos v. Fitness Member Servs.*,
749 F. Supp. 3d 944 (N.D. Ill. 2024) ...................................................................13, 14

*Batson v. Live Nation Ent.*,
746 F.3d 827 (7th Cir. 2014) .....................................................................................10

*Beardsall v. CVS Pharmacy*,
953 F.3d 969 (7th Cir. 2020) .....................................................................................13

*Bell v. Publix Super Mkts.*,
982 F.3d 468 (7th Cir. 2020) .....................................................................................13

*Bober v. Glaxo Wellcome*,
246 F.3d 934 (7th Cir. 2001) .......................................................................................9

*Boone v. MB Fin. Bank*,
375 F. Supp. 3d 987 (N.D. Ill. 2019) .........................................................................10

*Camasta v. Jos. A Bank Clothiers*,
761 F.3d 732 (7th Cir. 2014) .....................................................................................12

*Castaneda v. Amazon.com*,
679 F. Supp. 3d 739 (N.D. Ill. 2023) .......................................................................9, 10

*Clapper v. Amnesty Int'l*,
568 U.S. 398 (2013)......................................................................................................6

*Cleary v. Philip Morris*,
656 F.3d 511 (7th Cir. 2011) ...............................................................................13, 14

*Cohen v. Am. Sec. Ins.*,
735 F.3d 601 (7th Cir. 2013) ...............................................................................11

*Cont'l Bank v. Meyer*,
10 F.3d 1293 (7th Cir. 1993) ..................................................................................9

*In re Corus Bankshares*,
503 B.R. 44 (N.D. Ill. 2013) .................................................................................15

*Damico v. Lulifama.com*,
2026 WL 850784 (N.D. Ill.) ...................................................................................7

*Dumanian v. Schwartz*,
2021 WL 9525885 (N.D. Ill. Aug. 27, 2021) ........................................................6

*Eike v. Allergan*,
850 F.3d 315 (7th Cir. 2017) ..................................................................................7

*Finch v. Treto*,
82 F.4th 572 (7th Cir. 2023) ...................................................................................6

*Finnigan v. Mendrick*,
2021 WL 736228 (N.D. Ill. Feb. 24, 2021) ...........................................................6

*Foster v. Nestle USA*,
2026 WL 893348 (N.D. Ill.) ...............................................................................9, 13

*Geske v. PNY Techs.*,
503 F. Supp. 3d 687 (N.D. Ill. 2020) ......................................................................7

*Goldberg v. 401 N. Wabash Venture*,
755 F.3d 456 (7th Cir. 2014) ................................................................................10

*Gubala v. Time Warner Cable*,
846 F.3d 909 (7th Cir. 2017) ..................................................................................8

*Haywood v. Massage Envy*,
887 F.3d 329 (7th Cir. 2018) ................................................................................12

*Higgins v. Men's Wearhouse*,
2026 WL 733674 (S.D. Ill.) ..................................................................................14

*Jenkins v. Mercantile Mortg.*,
231 F. Supp. 2d 737 (N.D. Ill. 2002) ............................................................... 14-15

*Kim v. Carter's*,
598 F.3d 362 (7th Cir. 2010) .......................................................................8, 12, 13

iii

*Kubilius v. Barilla Am.*,
2019 WL 2861886 (N.D. Ill.) .............................................................................13

*Laborer's Pension Fund v. Blackmore Sewer Constr.*,
298 F.3d 600 (7th Cir. 2002) ...............................................................................3

*Lateef v. Pharmavite*,
2013 WL 1499029 (N.D. Ill.) ...............................................................................9

*Learning Resources v. Trump*,
146 S. Ct. 628 (2026)...................................................................................2, 3, 8

*Letoski v. Coca-Cola*,
753 F. Supp. 3d 650 (N.D. Ill. 2024) ................................................................13

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).........................................................................................6, 7

*Page v. Alliant Credit Union*,
2021 WL 1688176 (N.D. Ill.) .............................................................................15

*Patterson v. Green Growth*,
2026 WL 735188 (N.D. Ill.) ...............................................................................10

*Pelelas v. Caterpillar Tractor*,
113 F.2d 629 (7th Cir. 1940) .............................................................................15

*Porter v. NBTY*,
2016 WL 6948379 (N.D. Ill.) ...............................................................................8

*Randazzo v. Harris Bank Palatine*,
262 F.3d 663 (7th Cir. 2001) .............................................................................14

*In re Recalled Abbott Infant Formula*,
97 F.4th 525 (7th Cir. 2024) .............................................................................7, 8

*Saika v. Ocwen Loan Serv.*,
357 F. Supp. 3d 704 (N.D. Ill. 2018) .................................................................11

*Schultz v. Gree*,
2024 WL 4818734 (N.D. Ill.) .............................................................................12

*Sevugan v. Direct Energy Servs.*,
931 F.3d 610 (7th Cir. 2019) ...............................................................................4

*Sibley v. Univ. of Chicago Med. Ctr.*,
44 F.4th 646 (7th Cir. 2022) ................................................................................5

iv

*Siegel v. Shell Oil*,
 612 F.3d 932 (7th Cir. 2010) ...........................................................................8, 10, 11, 12

*Simoni v. Hi-Tech Pharms.*,
 2025 WL 2614685 (N.D. Ill.) .............................................................................................7

*Spokeo v. Robins*,
 578 U.S. 330 (2016)............................................................................................................6

*Toulon v. Cont'l Cas.*,
 877 F.3d 725 (7th Cir. 2017) .............................................................................................9

*Trump v. New York*,
 592 U.S. 125 (2020)............................................................................................................5

*Union Pac. R. Co. v. Vill. of S. Barrington*,
 958 F. Supp. 1285 (N.D. Ill. 1997) ..................................................................................14

*Vang v. State Farm Mut. Auto. Ins.*,
 2021 WL 5761002 (C.D. Ill.)............................................................................................8

*Wertymer v. Walmart*,
 142 F.4th 491 (7th Cir. 2025) ...........................................................................................4

*Wiegel v. Stork Craft*,
 946 F. Supp. 2d 804 (N.D. Ill. 2013) ...............................................................................10

*Wisc. Right to Life v. Barland*,
 664 F.3d 139 (7th Cir. 2011) .............................................................................................6

STATE CASES

*Ash v. PSP Distrib.*,
 226 N.E.3d 748 (Ill. Ct. App. 2023) .................................................................................11

*Butitta v. First Mortg.*,
 578 N.E.2d 116 (Ill. App. Ct. 1991) .................................................................................14

*DOD Techs. v. Mesirow Ins. Servs.*,
 887 N.E.2d 1 (Ill. App. Ct. 2008) ....................................................................................13

*Gallagher v. Russ*,
 721 N.E.2d 605 (Ill. Ct. App. 1999) .................................................................................11

*HPI Health Care Servs. v. Mt. Vernon Hosp.*,
 545 N.E.2d 672 (Ill. 1989)................................................................................................14

*Kaiser v. Fleming*,
 735 N.E.2d 144 (Ill. Ct. App. 2000) .................................................................................15

*Montes v. SPARC Grp.*,
  586 P.3d 999 (Wash. 2026)................................................................................13

*Oliveira v. Amoco Oil*,
  776 N.E.2d 151 (Ill. 2002) ...............................................................................12

*Saunders v. Michigan Ave. Nat'l Bank*,
  662 N.E.2d 602 (Ill. Ct. App. 1996) .................................................................11

*Small v. Lorillard Tobacco*,
  720 N.E.2d 892 (N.Y. 1999)..............................................................................13

**STATUTES - OTHER**

815 Ill. Comp. Stat. §§ 505/1 *et seq.*...................................................................4

**FEDERAL RULES**

Fed. R. Civ. P. 9(b) .........................................................................................5, 12

Fed. R. Civ. P. 12(b)(1).........................................................................................5

Fed. R. Civ. P. 12(b)(6).......................................................................................4, 5

**OTHER AUTHORITIES**

https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-
  refunds................................................................................................................3

https://www.whitehouse.gov/fact-sheets/2026/04/fact-sheet-president-donald-j-
  trump-bolsters-national-security-and-strengthens-u-s-supply-chains-by-
  imposing-tariffs-on-patented-pharmaceutical-products/ .................................3

**INTRODUCTION**

On behalf of a putative class, plaintiff Matthew Stockov complains that Costco, "like most U.S. firms," raised some prices to offset the cost of paying certain tariffs; asserts that Costco will, in the future, receive tariff refunds to which he believes he is entitled; and bemoans the fact that he has "no … cause of action" against the President who imposed the tariffs. Compl. ¶¶ 25, 3.

Plaintiff has no cause of action against Costco either—not now, and not at some unknown time in the future. His claims for consumer-fraud statutory violations, unjust enrichment, and money had and received are not justiciable. None of those claims is ripe, as Costco has received no tariff refunds yet and plaintiff's theory of injury depends entirely on a series of uncertain future events. He also lacks standing to assert his claims, because he has suffered no harm.

Even if Costco were to begin receiving refunds next week, it would not save plaintiff's claims, which fail on their merits. Plaintiff does not come close to stating a consumer-fraud statutory claim. His own allegations establish that he freely chose to purchase valuable products for accurately posted prices. Plaintiff's complaint does nothing to show that Costco engaged in deception or an unfair practice when it sold those products, publicly discussed the effects of tariffs on some prices, and filed a publicly available lawsuit for tariff refunds. Plaintiff challenges as deceptive a statement by Costco's CFO on an earnings call about Costco's commitment to low prices—but he does not explain how such a statement could have misled anyone, let alone connect that statement to his own purported harm. In fact, plaintiff was not harmed at all. It does not matter whether plaintiff paid a higher price than he thinks he should have paid. Plaintiff got what he paid for, and Costco never suggested that it would (or even might) later refund part of the purchase price.

Plaintiff's equitable claims are equally meritless. They too assume that Costco wrongfully took something from its customers by raising prices in response to market realities, even though customers chose to pay those prices and got exactly what they were promised in return. Even if true,

1

it simply does not matter that the increased costs that led to a price increase later went away. A retailer is not liable under such circumstances.

## BACKGROUND

**A.  *Tariffs.***   In February 2025, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") and imposed tariffs on certain imports from certain countries. Compl. ¶ 1.  The tariffs varied by country; they also changed over time, as tariffs on certain countries were raised or lowered and "sets of goods" were "shifted" in and out of the "tariff framework."  *Learning Resources v. Trump*, 146 S. Ct. 628, 636 (2026); *see* Compl. ¶¶ 18-19.

Costco paid IEEPA tariffs to Customs and Border Patrol ("CBP") on certain imported goods. Compl. ¶ 25.  Costco raised prices on some of those goods, as did "most" businesses.  *Id.* ¶¶ 25-26.

From the outset, Costco publicly discussed the effects of tariffs on its business.  During a May 2025 earnings call, Costco's CFO explained that, as the Company "navigate[d] an evolving environment with tariffs," it "remain[ed] committed to providing quality items at the lowest possible prices and raising prices is always seen as a last resort."  Compl. ¶ 50(a), Ex. 1, at 8-9; *see id*. at 15 (comment on raising prices was about Costco's pricing philosophy).[1]  He described how Costco worked to keep prices low, including by "rotating" inventory, sourcing domestic products, and "h[o]ld[ing] the price" on certain "staple" foods affected by tariffs while "accepting" the resulting "margin" impact.  *Id*. at 26-27.  But he made clear that Costco had increased prices on some tariff-affected items—for example, some imported flowers.  *Id.*

In November 2025, Costco filed a publicly available complaint in the U.S. Court of International Trade ("CIT") seeking a declaration that the IEEPA tariffs were unlawful and a refund of tariff amounts Costco had paid.  Compl. ¶ 32.  Many other companies did the same.  On February

---

[1] The complaint cites the call, Compl. ¶ 28 n.7; the full call transcript in Exhibit 1 is incorporated into the complaint. *See Amin Ijbara Equity v. Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017).

20, 2026, the Supreme Court "invalidated all IEEPA-based tariffs." Compl. ¶¶ 20-22; *see Learning Res.*, 146 S. Ct. at 646. A few weeks later, the CIT "ordered refunds of IEEPA tariffs." Compl. ¶ 34.

CBP faces "an unprecedented volume of refunds," *Atmus Filtration v. United States*, No. 26-01259 (CIT 2026), ECF 31, at ¶¶ 12, 17, 26, which it plans to address in phases. As part of the initial phase, CBP opened an online portal in late April 2026 for submission of refund requests on "unliquidated" or recently "liquidated" tariff payments.[2] Prior large-scale tariff refund programs, which have been far less extensive than the IEEPA refunds, have taken years to complete. *See id.*

Costco has not yet received any tariff refunds. Costco has stated that, "if and when" Costco receives refunds for charges "passed on in some form to our members," which often did not reflect the "full cost" of the tariffs, the Company will "find the best way to return this value to our members through lower prices and better values" and will "be transparent in how we plan to do this." Ex. 2, at 3; *see* Compl. ¶ 38.

As of the filing of this brief, the tariff landscape continues to change rapidly. Costco's CEO explained during a March 2026 earnings call that "[t]he future impact of tariffs remains extremely fluid as the recently eliminated IEEPA tariffs have now been replaced with new global tariffs for at least the next 150 days."[3] On April 2, without invoking IEEPA, President Trump imposed new tariffs on pharmaceuticals and products containing metals.[4]

**B.** ***Plaintiff's claims***. Plaintiff Matthew Stockov asserts various claims on behalf of a

---

[2] *See* https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds, of which this Court can take judicial notice, *see Laborer's Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002).

[3] Ex. 2, at 3. The Complaint cites a transcript of that call, Compl. ¶ 5 n.5, and this Court can consider the full transcript as set forth in Exhibit 2. *See Amin*, 860 F.3d at 493 n.2.

[4] *See, e.g.*, https://www.whitehouse.gov/fact-sheets/2026/04/fact-sheet-president-donald-j-trump-bolsters-national-security-and-strengthens-u-s-supply-chains-by-imposing-tariffs-on-patented-pharmaceutical-products/.

3

putative nationwide class and seeks damages, "restitution," and declaratory relief. Compl. ¶¶ 8-9, 39-40, 65-69. He claims a violation of the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. §§ 505/1 *et seq.*, and nine other state consumer-protection statutes. He also asserts state-law unjust enrichment and "money had and received" claims.

Plaintiff alleges that he purchased unspecified Costco products that were imported "from countries subject to IEEPA tariffs, at prices inflated by Costco's pass-through of IEEPA tariff costs." Compl. ¶ 9. He also alleges that Costco is "poised" to obtain a "double recovery," asserting that it raised some prices in response to tariffs but now is entitled to receive tariff refunds. *Id.* ¶¶ 35-37.

Plaintiff claims that Costco engaged in deceptive conduct. He points to the statement on the May 2025 earnings call that "raising prices is always seen as a last resort," which he suggests was a promise not to raise prices. Compl. ¶¶ 28, 50(a). But he does not allege that he heard or read that statement—only that the call was "reported in consumer-facing media" and that he was generally "aware of" Costco's "pricing positioning." *Id.* ¶ 50(a). In addition, he alleges that when Costco filed its tariff-refund suit, it failed "to disclose" that filing "to customers" and "did not intend to share with members the benefit of any" refunds. *Id.* ¶ 50(b). He does not allege, because it would not be true, Costco had that intent when it filed the lawsuit. Nor does he allege that he would have acted differently had he known of Costco's purported intention. Missing, for example, is any assertion that he could have and would have been able to purchase the same items elsewhere at a lower price.

## ARGUMENT

To survive under Rule 12(b)(6), a complaint must be facially plausible—that is, it must raise a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is not plausible if it is "speculative," as "where there is an 'obvious alternative explanation'" for the facts alleged, *Wertymer v. Walmart*, 142 F.4th 491, 497 (7th Cir. 2025), or allegations rest on "mere labels and conclusions," *Sevugan v. Direct Energy*

4

*Servs.*, 931 F.3d 610, 614 (7th Cir. 2019). A claim of deceptive trade practices is subject to Rule 9(b) and fails unless it alleges details of the alleged deception and "inject[s] precision and some measure of substantiation." *Sibley v. Univ. of Chicago Med. Ctr.*, 44 F.4th 646, 655 (7th Cir. 2022). Here, plaintiff's complaint must be dismissed under both Rule 12(b)(1) and Rule 12(b)(6).

## I. Plaintiff's Claims Are Not Ripe, And He Lacks Standing To Bring Them

### A. *Ripeness*.

**1. *Article III.*** Plaintiffs' claims are not ripe under Article III, and this Court lacks jurisdiction to adjudicate them, because his claims are "dependent on contingent future events that may not occur as anticipated" or "occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020). Those claims are all premised on the idea that Costco might receive refunds of all IEEPA tariffs it paid and then fail to return to plaintiff the unspecified exact amount he purportedly paid in tariff-driven price increases at Costco. But Costco has not received any refunds, and it is not clear when Costco might do so or in what amount, let alone whether and when such refunds would relate to the specific products plaintiff purchased at Costco. The CIT has ordered that refunds occur, and CBP has begun the first phase of that process: accepting submissions seeking refunds for unliquidated or recently liquidated tariff payments. *See* p. 3, *supra*. Yet the agency faces "an unprecedented volume of refunds" for 53 million duty entries; prior large-scale refund programs have taken years to complete, *see id.*; the time for the government to appeal the CIT's order does not run until June 6, 2026; and other obstacles to refunds, either generally or in particular cases, might yet arise.

Second, Costco has not yet determined exactly how it would share value from any tariff refunds with its members. As plaintiff alleges, Costco's CEO stated in an earnings call that the company was still considering "the best way to return this value to our members" and had not decided on a "plan to do this," but would make a plan "if and when we receive any refunds." Ex. 2, at 3; *see* Compl. ¶ 38 (calling Costco's future actions "hypothetical"). The extent to which Costco's future

5

action will be inconsistent with what Stockov says is necessary for a refund action, or whether anyone could argue that the action will not be legally compliant, are uncertain. Plaintiff's injury thus rests on a "hypothetical" scenario, *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409, 416 (2013), that can arise only if various contingencies come to pass—and that is not enough to satisfy Article III.

       **2. *Prudential ripeness.*** The Court should also decline to entertain plaintiff's claims on prudential (i.e., non-jurisdictional) ripeness grounds. *See, e.g.*, *Amling v. Harrow*, 943 F.3d 373, 377 n.1 (7th Cir. 2019); *Dumanian v. Schwartz*, 2021 WL 9525885, at \*3 (N.D. Ill. Aug. 27, 2021). Plaintiff's claims are not "fit" for "judicial decision," *Wisc. Right to Life v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011), because the facts still need a chance to develop, *see Finnigan v. Mendrick*, 2021 WL 736228, at \*1, 5-7 (N.D. Ill. Feb. 24, 2021). For instance, this Court could not provide plaintiff with any restitution that the law may require, Compl. ¶ 67, without knowing things that are currently unknowable: what amount of tariff refunds Costco actually receives, which products those refunds relate to, whether Costco has passed through some portion of the relevant refund amounts to plaintiff in the normal course of the company's operations, and the details of Costco's actual refund plan. There is also no "hardship" to plaintiff of "withholding court consideration" at this time. *Barland*, 664 F.3d at 148. Plaintiff will suffer no injury by waiting to see if Costco receives tariff refunds and what steps it subsequently decides to take. *See Finch v. Treto*, 82 F.4th 572, 579 (7th Cir. 2023).

       **B. *Standing.*** For similar reasons, plaintiff lacks Article III standing. He fails to allege an "injury in fact" based on Costco's conduct—that is, "invasion of a legally protected interest" that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

       Most notably, for all of the reasons above, plaintiff has alleged only a "conjectural or hypothetical" problem. *Lujan*, 504 U.S. at 560; *see Clapper*, 568 U.S. at 409; pp. 5-6, *supra*. That

problem cannot be "actual or imminent" unless and until Costco receives relevant refunds and determines how it plans to "return . . . value" to customers. Ex. 2, at 3; *see* Compl. ¶ 38 (terming Costco's plan, the supposed insufficiency of which is the basis for this action, "hypothetical").

Even apart from the absence of any refunds here, the Seventh Circuit has explained that "[t]he fact that a seller does not sell [a] product" at "the price you'd like to pay[] is not an actionable injury." *Eike v. Allergan*, 850 F.3d 315, 318 (7th Cir. 2017). In *Eike*, the court affirmed the dismissal of the plaintiff's claim that he was overcharged for eyedrops because the seller purportedly *could* have sold him eyedrops for less. The court reasoned that "[y]ou cannot sue a company and argue only—'it could do better by us.'" *Id*. Here, plaintiff complains that Costco could have charged him less or could effectively lower the price of his purchases by paying him tariff-refund money in the future, but that desire to pay less "is not an actionable injury; it is just a regret or disappointment." *Id*.

Plaintiff does not allege any flaw in the circumstances of his purchases that could constitute an injury. He offered to purchase items from Costco by tendering the disclosed purchase price, and Costco accepted that offer by retaining the tender, without any conditions relating to the absence of tariffs in the product cost or a commitment to later return a portion of the purchase price. "[T]here is no economic injury sufficient to confer standing where," as here, "plaintiffs received what they bargained for." *In re Recalled Abbott Infant Formula*, 97 F.4th 525, 531 (7th Cir. 2024); *see, e.g.*, *Damico v. Lulifama.com*, 2026 WL 850784, at *3 (N.D. Ill.); *Simoni v. Hi-Tech Pharms.*, 2025 WL 2614685, at *1-3 (N.D. Ill.); *Geske v. PNY Techs.*, 503 F. Supp. 3d 687, 697 (N.D. Ill. 2020).

Even assuming that some cognizable injury could arise from the supposed "double recovery" scenario that plaintiff alleges, plaintiff does not adequately allege that he is "himself among the injured." *Lujan*, 504 U.S. at 563. He makes a conclusory allegation that he "purchased from Costco electronics, food products, household items, small appliances, and health and hygiene products

imported from countries subject to IEEPA tariffs, at prices inflated by Costco's pass-through of IEEPA tariff costs." Compl. ¶ 9. But plaintiff himself acknowledges that not "all" products imported from countries subject to IEEPA tariffs were covered by those tariffs. *Id*. ¶¶ 19-20 (citing *Learning Resources*). Costco did not raise prices on all products that were subject to the tariffs; rather, as plaintiff alleges, the company "rais[ed] prices on tariffed goods" only "selectively." Compl. ¶ 26; *see id*. ¶ 29. And the complaint fails to account for the fact that Costco will receive no refunds as to goods imported from IEEPA countries on which Costco did not pay the tariff (because its supplier was the importer of record). Given those flaws, plaintiff's conclusory allegation is not enough to establish that he was injured by the alleged conduct. *See, e.g.*, *Abbott*, 97 F.4th at 531 (no standing where purchasers did not allege that purchased products were defective); *Porter v. NBTY*, 2016 WL 6948379, at *3 (N.D. Ill.) (same for deceptive label).

## II. Plaintiff Fails To State A Claim

Even if this Court rules that it lacks Article III jurisdiction, Costco urges the Court to reach the merits arguments in the alternative, as doing so would allow resolution of all Rule 12 issues in a single appeal and may well forestall the later filing of a meritless complaint. *See, e.g.*, *Gubala v. Time Warner Cable*, 846 F.3d 909, 910 (7th Cir. 2017); *Vang v. State Farm Mut. Auto. Ins.*, 2021 WL 5761002, at *9 (C.D. Ill.).

### A. Plaintiff's Consumer-Fraud Claims Fail

**1. *ICFA claim.*** An Illinois statutory consumer-fraud claim can succeed only where there has been "a deceptive or unfair act or practice" by a business during commerce; the business "inten[ded] that the plaintiff rely on the deceptive or unfair practice"; the plaintiff suffered actual pecuniary harm; and the deceptive or unfair practice proximately caused that harm. *Siegel v. Shell Oil*, 612 F.3d 932, 934 (7th Cir. 2010); *see, e.g.*, *Kim v. Carter's*, 598 F.3d 362, 366 (7th Cir. 2010). Here, there is no plausible allegation of deception or an unfair practice, and plaintiff suffered no

8

harm arising from any such act—or, indeed, any harm at all.

      **a.** ***No deception.***  Neither of plaintiff's theories of deception holds water in light of his own allegations.  First, plaintiff asserts that Costco misrepresented the facts when its CFO stated in a May 2025 earnings call that "raising prices is always seen as a last resort."  Compl. ¶ 50(a).  Even standing alone, however, that statement could not "mislead a reasonable consumer." *Foster v. Nestle USA*, 2026 WL 893348, at *5 (N.D. Ill.).  The statement is not a promise that prices would *never* be raised.  It is, at most, a "general goal[]," *Lateef v. Pharmavite*, 2013 WL 1499029, at *3 (N.D. Ill.)— a suggestion that the company would try to avoid raising prices but would do so under unspecified circumstances.  Such a suggestion is not actionable under the ICFA.  *Toulon v. Cont'l Cas.*, 877 F.3d 725, 739 (7th Cir. 2017) (affirming dismissal under ICFA where statements could not "be interpreted as a promise that rates would not be raised").  That is especially so given that the suggestion was a prediction about future events.  *See* Ex. 1, at 2 (noting that CFO's discussion "include[d] forward-looking statements" contingent on "risks and uncertainties"); *Cont'l Bank v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (statement that "relates to future or contingent events . . . ordinarily does not constitute an actionable misrepresentation" under Illinois law).

      In any event, context confirms that the Company's statement about pricing philosophy was not a promise that prices had not been raised and would not be raised.  In the same call, the CFO acknowledged the "evolving environment on tariffs" and explained that Costco had *already* raised some prices in response.  Ex. 1, at 9, 26; *see* Compl. ¶ 29.  That fact "dispel[s]" any notion that the "last resort" statement amounted to an actionable promise.  *Bober v. Glaxo Wellcome*, 246 F.3d 934, 938 (7th Cir. 2001); *see Castaneda v. Amazon.com*, 679 F. Supp. 3d 739, 749 (N.D. Ill. 2023) (evaluating "totality of the information").

      Second, plaintiff claims that Costco misled him by omission because it did not disclose "to

9

customers" in November 2025 that it was "pursuing a government refund" and that it "did not intend to share with members the benefit of any government tariff refunded." Compl. ¶ 50(b). But the existence of a suit in the CIT is publicly available information; Costco could not conceal it (and is not alleged to have done so). Plaintiff also alleges no facts showing that at the time Costco filed suit in November 2025 the Company did not intend to share any refunds. *See Castaneda*, 679 F. Supp. 3d at 753 (ICFA omission claim requires knowing concealment); *Wiegel v. Stork Craft*, 946 F. Supp. 2d 804, 813-14 (N.D. Ill. 2013) (same).

   **b. *No unfair practice.*** Plaintiff's unfair-practice allegation likewise lacks merit. Although an ICFA claim can be premised on an unfair practice that is not deceptive, the only supposed unfairness that plaintiff identifies is alleged "misrepresentations about [Costco's] pricing policy and retention of tariff refunds." Compl. ¶ 50(c). That simply restates plaintiff's flawed allegations about deception and fails for the reasons described above. *See Goldberg v. 401 N. Wabash Venture*, 755 F.3d 456, 464 (7th Cir. 2014); *Patterson v. Green Growth*, 2026 WL 735188, at *6 n.4 (N.D. Ill.).

   Plaintiff also does not even try to allege the elements of ICFA unfairness: conduct by the defendant that "(1) violate[s] public policy; (2) [is] so oppressive that the consumer has little choice but to submit; and (3) cause[s] consumers substantial injury." *Siegel*, 612 F.3d at 935; *see Boone v. MB Fin. Bank*, 375 F. Supp. 3d 987, 996 (N.D. Ill. 2019) (dismissing ICFA claim). It cannot violate public policy for a company to make pricing decisions based on an existing set of facts simply because those facts could later change. Courts do not involve themselves in managing pricing decisions at that level of granular detail. What matters is that plaintiff "was told how much" the items "would cost before he handed over his money," *Batson v. Live Nation Ent.*, 746 F.3d 827, 834 (7th Cir. 2014)—which was certainly true here.

   There are no allegations that plaintiff was forced to "submit" to "oppressive" conduct or that

10

such conduct caused him substantial injury. Plaintiff does not and could not allege that he was forced to shop at Costco or to purchase any particular item at its posted price, or that he did not receive valuable items in return for his payments. *See Cohen v. Am. Sec. Ins.*, 735 F.3d 601, 610 (7th Cir. 2013) (no unfairness where the plaintiff did not "lack[] meaningful choice"); *Siegel*, 612 F.3d at 937. Where plaintiff is free to decide whether to pay a posted price, even charging "an unconscionably high fee" is not unfair for ICFA purposes. *Saunders v. Michigan Ave. Nat'l Bank*, 662 N.E.2d 602, 608 (Ill. Ct. App. 1996); *see Saika v. Ocwen Loan Serv.*, 357 F. Supp. 3d 704, 716 (N.D. Ill. 2018) (unfairness where pricing violated applicable administrative rules). Nothing about the fact that Costco may receive tariff refunds at some point in the future makes its pricing decisions—which are not alleged to involve any such unconscionability—or its yet-to-be-made decisions about what to do with those refunds, Ex. 2, at 3, oppressive or unfair.

      **c.** ***No intent to induce reliance.*** Even if plaintiff had pleaded deceptive or unfair conduct, he fails to adequately allege—or allege at all—that Costco intended for him to "rely on" that conduct. *Ash v. PSP Distrib.*, 226 N.E.3d 748, 754 (Ill. Ct. App. 2023). The absence of any intent allegations alone warrants dismissal. *See Gallagher v. Russ*, 721 N.E.2d 605, 614 (Ill. Ct. App. 1999).

      In all events, plaintiff's allegations *negate* any inference of the requisite intent. The "last resort" statement was not made in an advertisement, product label, or any place where a seller might expect to reach a buyer. It is particularly implausible to infer that Costco intended plaintiff to rely on the notion that tariffs would not result in increased prices, as the CFO explained in the very call in question that such increases had already occurred. Compl. ¶ 29; Ex. 1, at 26-27.

      **d.** ***No actual harm.*** In the ICFA context, where "the plaintiffs agreed to pay a certain price for the defendant's merchandise, did not allege the merchandise was defective or worth less than what they actually paid, and did not allege that they could have shopped around and found a

11

better price in the marketplace," the Seventh Circuit has held that the mere allegation that a customer unwarrantedly paid too high a price is not sufficient to allege actual harm. *Camasta v. Jos. A Bank Clothiers*, 761 F.3d 732, 739-40 (7th Cir. 2014); *see, e.g.*, *Kim*, 598 F.3d at 365; *Oliveira v. Amoco Oil*, 776 N.E.2d 151, 163 (Ill. 2002) (no allegation the plaintiff did not receive "what he expected" when "he purchased defendant's gasoline . . . for the price listed"). That describes this case perfectly. Any other approach would risk transforming the ICFA into a judicial price-regulating mechanism.

e. ***No proximate causation.*** Finally, plaintiff fails adequately to allege proximate causation. There can be no such causation given his failure plausibly to allege any deceptive or unfair conduct by Costco. But even if such conduct had existed (and it did not), causation is absent here. Plaintiff does not allege that he heard the "last resort" statement, let alone before he made his purchases—so that statement cannot have caused him harm. *See* Compl. ¶ 50(a); *Schultz v. Gree*, 2024 WL 4818734, at *5 (N.D. Ill.) (no ICFA causation where the plaintiff "has not seen or heard" the relevant statement); *Oliveira*, 776 N.E.2d at 163-64 (no ICFA causation where plaintiff was not deceived). He does not allege that he took any action or refrained from any action based on any omission by Costco; that Costco misled him into "pay[ing] for something [he] did not receive," *Haywood v. Massage Envy*, 887 F.3d 329, 334 (7th Cir. 2018); or that lower prices for the goods he purchased were offered by other retailers at the relevant time. For those reasons, he does not plausibly plead that, "but for" the supposedly deceptive or unfair conduct, "he would not have been damaged." *Siegel*, 612 F.3d at 935; *see Kim*, 598 F.3d at 365. And he certainly has not satisfied the heightened Rule 9(b) standard that applies to ICFA causation. *See Haywood*, 887 F.3d at 334.

2. ***Other consumer-fraud statutory claims.*** Plaintiff's claims under the consumer-fraud statutes of numerous additional states, Compl. ¶ 52, fail as well. Because plaintiff made his Costco purchases in Illinois, Compl. ¶¶ 8-9, it is Illinois law, not any other state's consumer-protection law,

that governs his claim. *See Kubilius v. Barilla Am.*, 2019 WL 2861886, at \*2 (N.D. Ill.). In any event, consumer-fraud statutes across the nation (often called "Little FTC Acts") have the same "core prohibitions" and "are interpreted for the most part interchangeably." *Bell v. Publix Super Mkts.*, 982 F.3d 468, 474-75 (7th Cir. 2020); *see Beardsall v. CVS Pharmacy*, 953 F.3d 969, 972-73 & n.2 (7th Cir. 2020); *see also Foster*, 2026 WL 893348, at \*7.[5]

### B.      Plaintiff's Equitable Claims Fail

**1.  *Unjust enrichment.*** Plaintiff's unjust-enrichment claim fails many times over. First, unjust enrichment cannot lie when the "parties' relationship is governed by contract." *Barrientos v. Fitness Member Servs.*, 749 F. Supp. 3d 944, 959 (N.D. Ill. 2024); *see DOD Techs. v. Mesirow Ins. Servs.*, 887 N.E.2d 1, 9 (Ill. App. Ct. 2008).[6] As a matter of law, plaintiff and Costco formed a contract for the sale of goods when Costco accepted plaintiff's tender of consideration for products at Costco that were correctly labeled with the price, *see Kim*, 598 F.3d at 364, and that contract bars any unjust-enrichment recovery.

Second, plaintiff has not adequately alleged that Costco has "unjustly retained a benefit to the plaintiff's detriment" and in violation of "fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris*, 656 F.3d 511, 516 (7th Cir. 2011); *see Letoski v. Coca-Cola*, 753 F. Supp. 3d 650, 665 (N.D. Ill. 2024) (unjust-enrichment claim must be premised on "unlawful or improper conduct"). Any retention of tariff refunds, or any possible future choice to pass refund amounts through to customers generally in the form of lower prices or other value, would not violate

---

[5]  For instance, the relevant Washington statute allows a claim in a retail context only where "the consumer receives a product" that is "objectively different from or less valuable than the product she thought she was buying." *Montes v. SPARC Grp.*, 586 P.3d 999, 1006 (Wash. 2026); *see, e.g.*, *Small v. Lorillard Tobacco*, 720 N.E.2d 892, 898 (N.Y. 1999) (finding plaintiffs lacked requisite injury under New York statute).

[6]  Because plaintiff resides and made purchases in this District, his equitable claims are governed by Illinois law. *See Kubilius*, 2019 WL 2861886, at \*2. In any event, the Illinois-law principles discussed here are standard across jurisdictions.

a fundamental equitable principle. Prices often reflect present costs that a retailer may later recover, or predictions about future costs that never materialize. None of that renders a price unfair. So long as customers are accurately informed about the price of goods, they can make their own decisions about whether to purchase those goods—and customers who happened to pay higher prices that were affected by tariffs at a particular moment do not have "a better claim to" any refunds than Costco or Costco's customers generally. *HPI Health Care Servs. v. Mt. Vernon Hosp.*, 545 N.E.2d 672, 679 (Ill. 1989); *see Randazzo v. Harris Bank Palatine,* 262 F.3d 663, 667 (7th Cir. 2001) (under Illinois law "person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution" absent fraud or mistake). Any other result would require an intolerable level of judicial micromanagement of businesses' pricing decisions. *See Cleary*, 656 F.3d at 519.

Finally, "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim" will "stand or fall with the related claim." *Barrientos*, 749 F. Supp. 3d at 959. The Seventh Circuit has repeatedly ruled that where a plaintiff alleges an ICFA claim as well as "unjust enrichment," the latter claim "is tied to the fate" of the ICFA claim. *Higgins v. Men's Wearhouse*, 2026 WL 733674, at *5 (S.D. Ill.). Plaintiff's ICFA claim fails, so his unjust-enrichment claim does too.

**2.** ***Money had and received.*** The claim for money had and received suffers from similar (and similarly numerous) fatal flaws. Plaintiff fails to allege any of the elements of such a claim: that (1) "he was compelled to pay money to" Costco, (2) Costco "had no legal right to demand the money," and (3) the "payment" he made was "necessary in order to avoid an injury to his business, person or property." *Butitta v. First Mortg.*, 578 N.E.2d 116, 118 (Ill. App. Ct. 1991); *see Union Pac. R. Co. v. Vill. of S. Barrington*, 958 F. Supp. 1285, 1298 (N.D. Ill. 1997).[7] Plaintiff freely paid

---

[7] Some courts have suggested that where fraud is alleged, "compulsion is not required." *Jenkins*

14

money to Costco for products that he decided to buy at the posted price. He did so with full access to the information that some of Costco's prices were affected by tariffs and that—as public records showed—Costco was seeking tariff refunds.

Even apart from that dispositive failure, many of the same problems that doom the unjust-enrichment claim also doom this one. *See In re Corus Bankshares*, 503 B.R. 44, 55 (N.D. Ill. 2013) (money-had-and-received claim is "similar or identical to unjust enrichment"). A money-had-and-received claim is equitable, and it cannot survive where, as here, the parties have a sales contract covering the same subject matter. *See Page v. Alliant Credit Union*, 2021 WL 1688176, at *3 (N.D. Ill.); *Kaiser v. Fleming*, 735 N.E.2d 144, 147 (Ill. Ct. App. 2000) (claim is "quasi contractual"). There is also no money here that "in equity and good conscience belongs to the plaintiff." *Kaiser*, 735 N.E.2d at 147; *see* pp. 13-14, *supra*. Costco paid tariffs; plaintiff's allegations establish that Costco engaged in no deception or unfair act; plaintiff *freely* parted with his money in exchange for goods; by federal law, any refunds for tariffs Costco paid, if and when such refunds are issued, goes to Costco for products where Costco was the importer of record; and Costco did not promise plaintiff that it would pay plaintiff any part of any refund. Under those circumstances, plaintiff has no equitable entitlement to any funds in Costco's hands. *See Pelelas v. Caterpillar Tractor*, 113 F.2d 629, 631 (7th Cir. 1940) (no valid money-had-and-received claim absent "something in the relationship," under "express contract" or "implied contract," showing that defendant "was legally bound to pay").

**CONCLUSION**

The complaint should be dismissed.

---

*v. Mercantile Mortg.*, 231 F. Supp. 2d 737, 753 (N.D. Ill. 2002). Plaintiff has not plausibly alleged fraud; he "voluntarily pa[id] another with full knowledge of the facts." *Id.*; *see* pp. 9-10, *supra*.

15

Date:  May 18, 2026

Respectfully submitted,

By: _____

Brad D. Brian (*pro hac vice*)
Jennifer L. Bryant (*pro hac vice* )
Carl Jiang
Joseph Mantegani (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Tel:    (213) 683-9100
Fax:    (213) 687-3702
Brad.Brian@mto.com
Jennifer.Bryant@mto.com
Carl.Jiang@mto.com
Joseph.Mantegani@mto.com

Elaine J. Goldenberg, P.C. (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, Suite 500E
Washington, D.C. 20001
Tel:    (202) 220-1100
Fax:    (202) 220-2300
Elaine.Goldenberg@mto.com

Christopher B. Wilson
Spencer Gottlieb
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Tel:    (312) 324-8400
Fax:    (312) 324-9400
cwilson@perkinscoie.com
sgottlieb@perkinscoie.com

*Attorneys for Defendant Costco Wholesale Corporation*

16