**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MATTHEW STOCKOV, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:26-cv-02734 |
| v. | ) ) | Hon. Steven C. Seeger |
| COSTCO WHOLESALE CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following

discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The

parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the

Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

> **A.      Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**
>
> Attorneys of record for Plaintiff Matthew Stockov are George A. Zelcs and Ryan Z. Cortazar of Korein Tillery LLC. Mr. Zelcs is Plaintiff's lead trial attorney.
>
> Attorneys of record for Defendant Costco Wholesale Corporation ("Costco") are Brad D. Brian (lead trial attorney), Elaine G. Goldenberg, Jennifer L. Bryant, Carl Hao Jiang, and Joseph D. Mantegani of Munger, Tolles & Olson LLP; and local counsel Christopher B. Wilson and Spencer Gottlieb of Perkins Coie LLP.
>
> **B.      State the basis for federal jurisdiction.**
>
> Plaintiff invokes federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is domiciled in Illinois. Defendant is incorporated in the State of Washington and has its principal place of business there.

**C.** **Provide a short overview of the case in plain English (five sentences or less).**

On behalf of a putative nationwide class of Costco members, Plaintiff seeks to recover part of the price he paid for Costco products that he alleges were imported from countries subject to tariffs that the federal government unlawfully assessed under the International Emergency Economic Powers Act ("IEEPA"). Plaintiff alleges that Costco failed to disclose to customers that it was pursuing refunds of those tariffs from the federal government. Plaintiff further alleges that Costco passed through IEEPA tariff costs to its customers in the form of increased prices and is poised to obtain a double recovery if it receives refunds of those tariffs from the government and then fails to return to Plaintiff the amount he paid in tariff-driven price increases. Plaintiff alleges that Costco's actions and statements violate state consumer protection statutes and constitute unjust enrichment. For the reasons explained in its pending motion to dismiss under Rules 12(b)(1) and 12(b)(6) (Dckt. No. 23), Defendant contends that Plaintiff's claims are not ripe, that he lacks standing, and that he fails to state a claim.

**D.** **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff asserts claims for violations of the consumer protection statutes of 10 states; quasi contract or unjust enrichment; and money had and received.

Defendant has filed a motion to dismiss the complaint in its entirety under Rules 12(b)(1) and 12(b)(6) because Plaintiff's claims are not ripe, Plaintiff lacks standing, and Plaintiff's claims fail as a matter of law.

**E.** **What are the principal factual issues?**

The principal factual issues include: (1) whether Costco passed unlawful tariff duties on to its members through higher prices; (2) whether Costco represented to its customers that it would not pass through tariff duties to its customers through price increases; (3) whether Costco's statements would be untruthful or misleading to a reasonable consumer; (4) whether Costco intended for consumers to rely on statements made during an earning call; (5) whether Plaintiff suffered actual harm; (6) whether Plaintiff took or refrained from any action based on any statement or omission by Costco; (7) the amount of unlawful tariff duties Costco receives as refunds from the federal government; (8) the amount of unlawful tariff duties that Costco passed on to its customers through higher prices; (9) whether Plaintiff purchased products from Costco subject to IEEPA tariffs; (10) whether Costco increased prices on any such products because of IEEPA tariffs; (11) whether any such price increases are traceable to the purchases made by Plaintiff or by any other individual customer; (12) whether any refunds Costco may receive from the federal government relate to specific products Plaintiff purchased at Costco; and (13) if Costco receives refunds from the federal government for charges that were passed on to members, how Costco may return such value to its members.

2

**F.     What are the principal legal issues?**

The principal legal issues include: (1) whether Plaintiff's claims are ripe; (2) whether Plaintiff has Article III standing; (3) whether Plaintiff has stated a viable claim for violation of the ICFA or any other consumer protection statute, and whether Plaintiff can prove Costco's actions constitute a deceptive or unfair trade practice under the state consumer protection statutes; (4) whether Plaintiff has stated a viable claim for unjust enrichment and quasi contract; (5) whether Plaintiff has stated a viable claim for money had and received; (6) whether Plaintiff is entitled to any legal or equitable relief, and whether restitution is an appropriate measure of relief; (7) whether Plaintiff's claims may be prosecuted as a class action under Federal Rule of Civil Procedure 23; (8) whether Plaintiff, an Illinois resident who purchased products in Illinois, can represent a nationwide class of Costco members; (9) whether Plaintiff, an Illinois resident who purchased products in Illinois, can represent subclasses of consumers asserting claims under non-Illinois consumer protection statutes.

**G.     What relief is the plaintiff(s) seeking?  Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).**

On behalf of putative nationwide and state-specific classes, Plaintiff is seeking actual damages, restitution, and statutory relief together with prejudgment and postjudgment interest, fees, and costs. Plaintiff estimates the amount of damages or restitution owed is $1,100,000,000.

**H.     Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.**

Costco is the sole defendant and has been served.

## II.     <u>Discovery</u>

**A.     Propose a discovery schedule.**

**Plaintiff's Statement:** Plaintiff opposes Costco's motion to dismiss. This Court has denied motions to dismiss consumer-protection class actions with more nebulous injuries than Plaintiff's concrete economic injuries from purchasing products at prices deceptively inflated despite the company's statements to the contrary. *Curtis v. 7-Eleven, Inc.*, No. 21-CV-6079, 2022 WL 4182384, at *1 (N.D. Ill. Sept. 13, 2022) (Seeger, J.); *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687 (N.D. Ill. 2020) (Seeger, J.); *Strow v. B&G Foods, Inc.*, 633 F. Supp. 3d 1090 (N.D. Ill. 2022) (Seeger, J.). Plaintiff's claims ripened the moment he suffered injury by buying Costco goods with prices inflated from IEEPA tariffs despite Costco's statements to the contrary. Costco's imminent receipt of tariff refunds does not strip this Court of jurisdiction.

Sensitive to Costco's motion, Plaintiff proposes a targeted stay of discovery tailored to minimize the burden on Costco. This reflects common District practice balancing a plaintiff's discovery rights under the Federal Rules of Civil Procedure even when a motion to dismiss is pending; a defendant's interests in avoiding unnecessary

burdens; and the interest of the judiciary and all parties in efficient resolution of disputes. *E.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2017 WL 4417447 (N.D. Ill. Sept. 28, 2017).

Under Plaintiff's proposal, all discovery would be stayed pending the motion to dismiss except in three discrete areas: (1) Rule 26(a) initial disclosures; (2) negotiation of a protective order and ESI protocol; and (3) Plaintiff's propounding discovery requests to which Costco shall object and respond either within prescribed 30-day deadline or no later than 14 days after an order denying in whole or in part the motion to dismiss. Plaintiff believes that dates certain proposed below will more efficiently guide the litigation and can be adjusted if necessary.

**Defendant's Statement:** Costco has filed a motion to dismiss that raises threshold Article III ripeness and standing issues, as well as dispositive merits arguments. *See* Dckt. No. 23. As set forth in that motion, among other defects, Plaintiff's alleged injury depends on contingent future events, including whether Costco will receive any IEEPA tariff refunds from the federal government and, if it does, how exactly it will share the value from any tariff refunds with its members.

In light of the threshold, case-dispositive issues raised by its pending motion to dismiss, and in the interest of preserving judicial and party resources, discovery should be stayed pending a ruling on Costco's motion. *See, e.g.*, *MSP Recovery Claims Series 44, LLC v. Zurich Am. Ins. Co.*, No. 22-CV-5054, Dckt. No. 34 (N.D. Ill. May 3, 2023) (Seeger, J.); *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) ("such stays are granted with substantial frequency") (collecting cases).

Costco proposes that within 21 days of the Court's ruling on Costco's motion to dismiss, the parties meet and confer and file a joint status report addressing case scheduling and any other open issues. Alternatively, if the Court declines to defer entering a case schedule until Costo's pending motion to dismiss is resolved, Costco proposes that any schedule account for the contingent nature of Plaintiff's claims by tying deadlines to Costco's future receipt of all IEEPA tariff refunds, rather than fixed calendar dates—as set forth below.

| Event | Plaintiff's Proposed Deadline | Costco's Proposed Deadline |
|---|---|---|
| Initial Disclosures | June 11, 2026 | 14 days after Costco's receipt of all IEEPA tariff refunds from the federal government |
| Amendment to the pleadings | 6 months after entry of any order denying in whole or in part any motion to dismiss | 30 days after entry of any order denying in whole or in part Costo's pending motion to dismiss |
| Completion of Fact Discovery | July 3, 2027 | 180 days after Costco's receipt of all IEEPA tariff refunds from the federal government |

4

| Disclosure of Plaintiff's Expert Report(s) | August 2, 2027 | One month following the close of fact discovery |
| Deposition of Plaintiff's Expert | August 31, 2027 | 45 days after Plaintiff's expert disclosure |
| Disclosure of Defendant's Expert Report(s) | August 31, 2027 | 45 days after Plaintiff's expert disclosure |
| Deposition of Defendant's Expert | September 30, 2027 | 45 days after disclosure |
| Dispositive Motions | December 30, 2027 | One month after the close of expert discovery |

**B.      How many depositions do the parties expect to take?**

Plaintiff expects to depose approximately 10 fact witnesses who are associated with Costco in addition to however many experts Costco retains. Plaintiff also reserves the right to seek additional depositions of third-party witnesses.

If the case proceeds past the pleadings, Costco anticipates deposing Plaintiff, any expert witnesses disclosed by Plaintiff, and any other witnesses or knowledgeable persons whose identities may be revealed through the course of discovery.  The number of depositions will depend on the scope of any issues remaining after resolution of the pleadings and the classes Plaintiff seeks to certify.

**C.      Do the parties foresee any special issues during discovery?**

Costco anticipates the need for a protective order governing confidential business information.

**D.      Rule 26(f)(2) requires the parties to propose a discovery plan.  *See* Fed. R. Civ. P. 26(f)(2).  Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.  *See* Fed. R. Civ. P. 26(f)(3).  Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)?  If so, do the parties propose anything?**

**If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.**

The Parties have met and conferred on a discovery plan, and their views on the Rule 26(f)(3) topics are summarized below.

Plaintiff's positions:

(A) *Initial disclosures*:  Exchange of Rule 26(a) initial disclosures on June 11, 2026.

(B) *Subjects and timing of discovery*:  Plaintiff proposes that all discovery related to the claims be completed by the dates set forth in Plaintiff's proposed deadlines above.

5

(C) *Electronically stored information*:  Plaintiff proposes that the Parties negotiate a protocol for electronically stored information ("ESI Protocol") by July 17, 2026.

(D) *Privilege or work product*:  Plaintiff proposes that the Parties negotiate by July 17, 2026 a Protective Order governing claims of privilege and confidentiality concerning items disclosed in discovery.

(E) *Discovery limitations*:  Plaintiff believes there should be no changes or amendments to the discovery required and limited by the Federal Rules of Civil Procedure and any applicable local rules.

Defendant's positions:

(A) *Initial disclosures*:  Exchange of initial disclosures within 14 days after (i) a Court order denying Costco's motion to dismiss or (ii) Costco's receipt of all IEEPA tariff refunds from the federal government, whichever is later.  Discovery should otherwise be stayed.

(B) *Subjects and timing of discovery*:  Costco maintains that discovery should not commence until its pending motion to dismiss is resolved.  If the case proceeds beyond the pleadings, discovery may be needed on subjects that include (i) Plaintiff's purchase history at Costco; (ii) whether Plaintiff paid increased prices; (iii) whether any alleged price increases are traceable to IEEPA tariffs; (iv) whether Plaintiff was harmed by purchasing products for accurately posted prices; (v) whether Plaintiff made purchases based on a Costco statement during a May 2025 earnings call about its commitment to low prices; and (vi) whether Costco's statements during the earnings call were deceptive or unfair.

(C) *Electronically stored information*:  Costco proposes that the Parties negotiate an ESI protocol within 30 days following resolution of Costco's motion to dismiss.

(D) *Privilege or work product*:  Costco does not currently anticipate any issues or disputes relating to claims of privilege or work product.

(E) *Discovery limitations*:  Costco agrees that there is no need to modify the default discovery limits.

(F) *Scheduling and other orders*:  As noted above, Costco requests a stay of discovery pursuant to Rule 26(c); the parties and the Court will benefit from the Court's decisions on the threshold, case-dispositive issues raised by Costco's pending motion to dismiss.

### III.   Trial

#### A.   Have any of the parties demanded a jury trial?

Plaintiff has demanded a jury trial.  Defendant has not asserted a jury demand, but reserves the right to do so if it must answer the Complaint.

6

B. **Estimate the length of trial.**

Plaintiff estimates the trial will last 4 weeks. Defendant estimates that trial would last approximately 5–7 days, depending on the scope of any claims remaining following resolution of the pleadings.

IV. **Settlement, Referrals, and Consent**

A. **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

The Parties have not engaged in settlement discussions. Plaintiff has not made a written settlement demand.

B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The Parties do not request a settlement conference before this Court or a magistrate judge.

C. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge, and the Parties do not unanimously consent.

V. **Other**

A. **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

The Plaintiff has no additional information to provide the Court at this time.

B. **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

Costco is prepared to file a motion to stay discovery pending resolution of its motion to dismiss if further briefing on this issue would be helpful for the Court.

7

Date:  May 25, 2026                                 Respectfully submitted,


By: /s/ *Ryan Z. Cortazar*
    George A. Zelcs (IL Bar No. 3123738)
    Ryan Z. Cortazar (IL Bar No. 6323766)
    KOREIN TILLERY LLC
    205 N Michigan Ave., Suite 1950
    Chicago, Illinois 60601
    Tel: (312) 641-9750
    gzelcs@koreintillery.com
    rcortazar@koreintillery.com

    *Attorneys for Plaintiff Matthew Stockov*

Date: May 25, 2026                                    Respectfully submitted,


By: /s/ *Brad D. Brian*

Brad D. Brian*
Jennifer L. Bryant*
Carl Hao Jiang
Joseph D. Mantegani*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Tel: (213) 683-9100
Fax: (213) 687-3702
Carl.Jiang@mto.com
Brad.Brian@mto.com
Jennifer.Bryant@mto.com
Joseph.Mantegani@mto.com

Elaine J. Goldenberg*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100
Fax: (202) 220-2300
Elaine.Goldenberg@mto.com

Christopher B. Wilson
Spencer Gottlieb
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Tel: (312) 324-8400
Fax: (312) 324-9400
cwilson@perkinscoie.com
sgottlieb@perkinscoie.com

* admitted *pro hac vice*

*Attorneys for Defendant Costco Wholesale Corporation*