**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW STOCKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No.: 1:26-cv-02734<br><br>Hon. Steven C. Seeger |

# NOTICE RELATED TO PENDING MOTION TO DISMISS

Defendant files this Notice to provide the Court with an update on certain factual developments relating to the justiciability arguments raised in the briefing on the pending motion to dismiss in the above-captioned case. Dkts. 22 (motion), 23 (memorandum in support of motion), 27 (reply).

Since June 30, when briefing on the motion to dismiss was completed, Costco has received additional IEEPA tariff refunds from the government, although Costco has not received all of the refunds that it has requested (or plans to request in the future). To date, Costco has received approximately one-third of the total refunds to which it is entitled. In addition, as to the refunds Costco has received to date, Costco has started to return recovered value to members in the form of better values and lower prices on certain products.

Those developments do not change the fact that plaintiff's claims are not ripe and that plaintiff lacks standing to bring the claims. As Costco's reply brief on the pending motion argues, plaintiff's alleged injury remains hypothetical unless and until Costco receives *all* of the relevant refunds and determines how to handle those refunds. That is particularly true because plaintiff's complaint does not identify the specific products he purchased that were allegedly affected by

tariff-related price increases, and the refunds Costco has received to date might relate to tariffs on completely different products. *See, e.g.*, Dkt. 27 at 2 ("[W]ithout a complete picture of what refunds Costco ultimately does (or does not) receive, whether those refunds relate to costs passed on to members, and how Costco decides to return any such recovered value," this Court cannot "fashion any remedy."). As Costco also has argued, *see, e.g.*, Dkt. 23 at 8–15, plaintiff loses on the merits in any event, and this Court should reach the merits even if it rules for Costco on justiciability grounds.

Date: August 5, 2026

Respectfully submitted,

By: ______________________________

Brad D. Brian (*pro hac vice*)
Jennifer L. Bryant (*pro hac vice*)
Carl Jiang
Joseph Mantegani (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Tel: (213) 683-9100
Fax: (213) 687-3702
Brad.Brian@mto.com
Jennifer.Bryant@mto.com
Carl.Jiang@mto.com
Joseph.Mantegani@mto.com

Elaine J. Goldenberg, P.C. (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, Suite 500E
Washington, D.C. 20001
Tel: (202) 220-1100
Fax: (202) 220-2300
Elaine.Goldenberg@mto.com

Christopher B. Wilson
Spencer Gottlieb
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Tel: (312) 324-8400
Fax: (312) 324-9400
cwilson@perkinscoie.com
sgottlieb@perkinscoie.com

*Attorneys for Defendant Costco Wholesale Corporation*