**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW STOCKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP.,<br><br>Defendant. | Case No. 1:26-cv-02734<br><br>Hon. Steven C. Seeger |

**PLAINTIFF MATTHEW STOCKOV'S RESPONSE TO DEFENDANT COSTCO WHOLESALE CORP.'S NOTICE RELATED TO PENDING MOTION TO DISMISS**

Defendant Costco's Notice further undermines the primary—and wrong—argument advanced in its motion to dismiss. As explained in Plaintiff's Opposition, Plaintiff's claims ripened at the moment he suffered injury. ECF No. 26 at 3-5.

Defendant's Notice highlights how its erroneous argument depends on unpleaded and unsworn assertions that have evaporated during the short pendency of this motion. Remember that Costco's primary argument originally relied on its assertion that "Costco has received no tariff refunds." ECF No. 23 at 1, 3, 5, 6. One month later, Costco admitted that it "received from the government only a small fraction of the IEEPA tariffs." ECF No. 27 at 2. Now it says that it "received [yet more] additional IEEPA tariff refunds." ECF No. 28 at 1. Full refund is all but inevitable as CBP acknowledged the day before Costco's Notice. Lord Decl., *Freestyle World, Inc. v. U.S. Customs & Border Potection*, No. 26-cv-1088-RKE (Aug. 4, 2026), ECF No. 24.

The Notice also violates the key principle that Rule 12 motions cannot rely on facts not pleaded in the complaint. *Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005) (rejecting "argument

[that] inappropriately attempts to introduce facts outside of the complaint"). Costco introduces new, vague allegations that "Costco has started to return recovered value to members in the form of better values and lower prices on certain products." ECF No. 28 at 1. Apart from its legal impropriety, this statement is barely more than shapeless adspeak: What, after all, does "better values" mean? What are the "certain [unnamed] products" that have lower prices? And "lower prices" relative to what—the tariff-inflated figures under the unlawful IEEPA regime? The motion should be denied.

Date: August 12, 2026

Respectfully submitted,

/s/ *Ryan Z. Cortazar*
George A. Zelcs (IL Bar No. 3123738)
Ryan Z. Cortazar (IL Bar No. 6323766)
KOREIN TILLERY LLC
205 N Michigan Ave., Suite 1950
Chicago, Illinois 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rcortazar@koreintillery.com

*Attorneys for Plaintiff Matthew Stockov*